IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID HYMOND, | ) | 8:07CV438 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, and | ) | |
| DENNIS BAKEWELL, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner has previously been given leave to proceed in forma pauperis. The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner's conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea *because* Petitioner was misinformed about the terms of the "plea bargain," the length of the possible sentence, and the elements of the crimes to which he was pleading guilty.

Claim Two: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's trial counsel did not fully investigate the facts underlying the charges, allowed "false testimony," and did not object on "speedy trial" grounds.

Claim Three: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's appellate counsel[1] did not investigate, review the trial record, or argue on appeal that Petitioner was not given the plea agreement that he was promised and appellate counsel failed to keep Petitioner informed of the status of the appeal.

---

[1] Petitioner's trial counsel and appellate counsel are the same individual.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 3.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One through Three as described in this Memorandum and Order;

2. Petitioner's Motion for Appointment of Counsel (Filing No. 3) is denied without prejudice to reassertion;

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (Filing No. 1) to the Respondents and the Nebraska Attorney General by regular first-class mail;

4.      By March 19, 2008, Respondents shall file a motion for summary judgment or an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 19, 2008:  deadline for Respondents to file answer or motion for summary judgment;

5.      If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

   A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless directed to do so by the court.

   E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

   F.      If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.***

6.      If Respondents file an answer, the following procedures shall be followed by Respondents and Petitioner:

3

      A.      No later than 30 days after the filing of the answer, Respondents shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

      B.      The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

      C.      Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

      E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief; and

7.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 5th day of February, 2008.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          United States District Judge