# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| DAVID HYMOND, | ) | CASE NO. 8:07CV438 |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON and DENNIS BAKEWELL, | ) | |
| Respondents. | ) | |

Respondents have filed a Motion for Summary Judgment contending that Petitioner's habeas claims have been procedurally defaulted. (Filing No. 10.) The Motion is denied.

Respondents claim that Petitioner failed to present his federal claims fairly during his state post-conviction litigation.[1] Respondents make the following argument: "Hymond's claims have been procedurally defaulted because they have not been presented to Nebraska's appellate courts, and are now barred from such presentation. Hymond's claims in his postconviction motion were entirely distinct from those raised in his *appeal* of the denial of his motion for postconviction relief." (Filing No. 11 at CM/ECF p. 4.) More specifically, Respondents argue that:

> A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief. . . .

---

[1]Apparently because Petitioner had the same lawyer at trial, during the plea (that was entered after the jury trial began) and for the direct appeal, and apparently because Petitioner alleges that his counsel was ineffective during trial, during the plea and on appeal, Respondents do not argue that the procedural default took place during the direct appeal. Rather, Respondents concentrate on Petitioner's alleged failure in the state post-conviction proceedings to fully present the federal claims all the way through the Nebraska appellate courts.

> [T]he assignments of error in his appeal of the denial of postconviction relief are entirely distinct from his claims raised in his postconviction motion filed in Douglas County District Court; thus, those have not been preserved [for] habeas corpus purposes. Hymond's complaints raised in his motion for postconviction relief related to more substantive issues, such as the voluntariness of his pleas, and ineffective assistance of both trial and appellate counsel. None of those issues were assigned as error in the state appellate courts in the appeal of the denial of postconviction relief.

(Filing No. 13 at CM/ECF p. 1.)

While there is not perfect symmetry between the claims made in the state post-conviction motion, the related appeal brief and Petitioner's federal claims, they are close enough. That is, the Nebraska courts, particularly the Nebraska appellate courts, were given a fair opportunity to consider Petitioner's federal claims.[2] Briefly, the following is provided by way of explanation.

During its initial review, this court found that Petitioner presented the following federal claims:

Claim One: Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea *because* Petitioner was misinformed about the terms of the "plea bargain," the length of the possible sentence, and the elements of the crimes to which he was pleading guilty.

Claim Two: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's trial counsel did not fully investigate the facts underlying the charges, allowed "false testimony," and did not object on "speedy trial" grounds.

---

[2] The Nebraska Court of Appeals summarily denied the appeal. (Filing No. 9-11, Attach. 10, at CM/ECF p. 1.) The Nebraska Supreme Court summarily denied Petitioner's request for further review. (Filing No. 9-12, Attach. 11, at CM/ECF p. 1.)

> Claim Three: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's appellate counsel did not investigate, review the trial record, or argue on appeal that Petitioner was not given the plea agreement that he was promised and appellate counsel failed to keep Petitioner informed of the status of the appeal.

(Filing No. 7 at CM/ECF p.1.)

In his state post-conviction motion, Petitioner raised the essential legal and factual substance of all of the federal claims presented in this case. (Filing No. 9-8, Attach. 7, at CM/ECF pp. 8-19.) Claim one in this case–regarding an allegation of an involuntary plea–is very similar to "Ground 1" in the state post-conviction motion. (*Id.* at CM/ECF pp. 8-11.) Claim two in this case–regarding ineffective assistance of trial counsel–is very similar to "Ground 2" in the state post-conviction motion. (*Id.* at CM/ECF pp. 11-14.) Claim three in this case–regarding ineffective assistance of counsel on direct appeal–is very similar to "Ground 3" in the state post-conviction motion. (*Id.* at CM/ECF pp. 14-17.)

On appeal from the summary denial of the state post-conviction motion, Petitioner assigned as error, among other things, "that the trial court erred and abused its discretion by [failing] to grant appellant an evidentiary hearing." (Filing No. 9-10, Attach. 9, at CM/ECF p. 10 (capitalization changed).) In support of that assignment of error, Petitioner argued that issues similar in nature to the claims asserted in his post-conviction motion and issues similar to the federal claims presented here required an evidentiary hearing. For example, Petitioner specifically argued the following:

> In this § 29-3001 action the Appellant presented several question [sic] of law and facts in the motion, that required an evidentiary hearing; those constitutional concerns were:

<u>first</u>, whether the appellants [sic] guilty plea is invalid; as the record would suggest the Appellant was not properly advise [sic] by the district court nor did the Appellant answer in the affirmative to the courts [sic] inquiry.

<u>second</u>, whether there was a promise made to the Appellant in exchange for the guilty plea; as the record will suggest the Appellant was under the impression that some type of plea was accepted.

<u>third</u>, whether the appellant informed the court of the promise during a prior pleading proceeding; as the record or courts [sic] minutes will show the Appellant appeared before the district court in mid-September, in a proceeding to withdraw the guilty plea, at which time the Appellant informed the court that trial counsel made a sentencing promise.

<u>fourth</u>, whether the appellant was denied effective assistance of counsel during the pleading stage, as the record will show the Appellant [sic] trial counsel failed to conduct a full and meaningful investigation prior to advising her client to enter the guilty plea;

<u>fifth</u>, whether the appellant was denied effective assistance of trial counsel due to the failure of trial counsel to being [sic] to the courts [sic] attention relevant evidence and information; that is:

    (1)    the crime scene was not properly secured and investigated;

    (2)    the evidence collected and secured in this case was done so several months after the allege [sic] crime;

    (3)    and trial counsel failed to inform the court of the promise that was made to her client or suggested promise in order to induce the guilty plea.

<u>sixth</u>, whether the appellant was denied effective assistance of appellant [sic] counsel during the direct appeal stage; as the record will show the Appellant was represented on direct appeal by the same attorney that represented him in the pleading proceeding, and this attorney failed and refused to raised [sic] known errors appearing on the record or investigate issues requested by the Appellant, such as:

    (1)    invalid guilty plea,

    (2)    ineffective assistance of counsel; and,

>> (3) judicial misconduct,
>
> on direct appeal, as any of those issues would have been favorable to the Appellant and appear on the record of the case.

(*Id.* at CM/ECF pp. 23-24.)[3]

A habeas petitioner must fairly present each claim he or she wishes to litigate in federal court to the state courts. 28 U.S.C. § 2254(b)(1). A claim is properly presented when the state courts are given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim]." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor,* 404 U.S. 270, 276-77 (1971)).

"The petitioner must present to the federal court the same factual arguments and legal theories that were presented to the state court." *Anderson v. Groose,* 106 F.3d 242, 245 (8th Cir. 1997) (citation omitted) (deciding to give the petitioner the benefit of the doubt). "In other words, the federal claim cannot contain 'significant additional facts such that the claim was not fairly presented to the state court,' but closely related claims containing an 'arguable factual commonality' may be reviewed." *Id.* (emphasis added) (quoting *Kenley v. Armontrout,* 937 F.2d 1298, 1302-03 (8th Cir. 1991)). Still further, "although the constitutional substance of a claim must be apparent, it is not necessary to cite book and verse on the federal constitution." *Wyldes v. Hundley,* 69 F.3d 247, 251 (8th Cir. 1995) (internal quotation and citation omitted).

---

[3]Counsel for Respondents omitted any reference to the above quoted language in her briefs. Rather than ignoring that language, counsel would have been better advised to explain why it was insufficient.

5

Here, the allegations of Petitioner's state post-conviction motion and the supporting arguments asserted in his state post-conviction appeal brief presented assertions that are very similar to Petitioner's federal claims. Thus, in the state post-conviction proceedings, Petitioner gave Nebraska, and particularly its appellate courts, a fair opportunity to apply controlling federal legal principles to the facts bearing upon his federal claims. Accordingly, Respondents' procedural default argument asserted in the summary judgment motion is rejected.[4] *See, e.g.*, *Frey v. Schuetzle*, 151 F.3d 893, 897 (8th Cir. 1998) (holding that the petitioner's claim that he did not knowingly waive his right to testify was fairly presented to the North Dakota Supreme Court even though the state asserted that such a claim was not presented as a "stand alone" claim, but rather was presented as a component of another claim; the Court of Appeals relied upon arguments in the petitioner's brief to the state Supreme Court in support of the conclusion that there had been fair presentment).

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (filing no. 10) is denied;

2. Respondents shall file an answer no later than 30 days from the date of this Memorandum and Order. The following procedures shall then be followed by Respondents and Petitioner:

    A. No later than 30 days after the filing of the answer, Respondents shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

---

[4]This ruling is without prejudice to more closely reasoned arguments regarding procedural default which may be asserted in Respondents' answer and related briefing.

6

B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the [Rules Governing Section 2254 Cases in the United States District Courts](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief; and

3. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the [Rules Governing Section 2254 Cases in the United States District Courts]().

DATED this 1th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge